# IN THE COURT OF APPEALS OF IOWA

No. 16-1956
Filed January 25, 2017

**IN THE INTEREST OF N.T.,**
**Minor child,**

**M.T., Father,**
 Appellant,

**K.W., Mother,**
 Appellant.

_____

Appeal from the Iowa District Court for Polk County, Joseph W. Seidlin, District Associate Judge.

A mother and father separately appeal the termination of their parental rights. **AFFIRMED ON BOTH APPEALS.**

Lynn C.H. Poschner of Borseth Law Office, Altoona, for appellant father.

Chelsey N. Handley-Tomlinson of Handley Law Firm, P.C., Ankeny, for appellant mother.

Thomas J. Miller, Attorney General, and Janet L. Hoffman, Assistant Attorney General, for appellee State.

Julia A. Ofenbakh of Ofenbakh Law Firm P.L.L.C., Des Moines, guardian ad litem for minor child.

Considered by Vogel, P.J., and Tabor and Mullins, JJ.

**VOGEL, Presiding Judge.**

A mother and father separately appeal the termination of their parental rights to their child.

I.      Background Facts and Proceedings

N.T., born December 2014, came to the attention of the Iowa Department of Human Services (DHS) in this matter in March 2015, upon allegations the parents were not properly supervising the child and the child was not receiving adequate care.[1]  Specifically, the DHS was concerned the parents were missing medical appointments for the child, the child was not receiving proper food, and both parents were suffering from untreated mental illnesses.  A child-in-need-of-assistance assessment revealed the child had low muscle tone in her right arm.  Despite learning of this diagnosis in February, the parents had not pursued the recommended occupational therapy.  The mother and the father were initially resistant to services offered through the DHS.

In April, due to ongoing concerns about the mother's and the father's supervision of N.T., the child was removed from the home and placed in foster care.  Both the mother and the father accepted protective and reunification services, including mental-health evaluations and treatment programs, couples' therapy, and parenting classes.  On May 19, 2015, the district court adjudicated N.T. a child in need of assistance and continued N.T.'s placement in the same foster home as her older sibling.  On March 21, 2016, following a permanency hearing, the district court found reasonable efforts had been made to achieve

---

[1] In April 2014, the mother and the father had their parental rights terminated as to N.T.'s older sibling.

reunification and granted the parents a six-month extension to achieve reunification under Iowa Code section 232.104(2)(b) (2015). However, following permanency review hearings on May 24 and August 18, N.T. was continued in foster care.

On September 13, 2016, after more than one year of offered services, the State filed a petition to terminate the father's and the mother's parental rights. The matter came on for hearing on October 6, 2016. On November 2, the district court ordered both the father's and the mother's parental rights terminated under Iowa Code section 232.116(1) (g) and (h) (2016). Both the father and the mother appeal.

II.     Standard of Review

We review the termination of parental rights proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We give weight to the factual findings of the district court, but we are not bound by them. *Id.*

III.     Statutory Grounds for Termination

Iowa Code section 232.116(1)(g) permits termination if:

The court finds that all of the following have occurred:
(1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
(2) The court has terminated parental rights pursuant to section 232.117 with respect to another child who is a member of the same family or a court of competent jurisdiction in another state has entered an order involuntarily terminating parental rights with respect to another child who is a member of the same family.
(3) There is clear and convincing evidence that the parent continues to lack the ability or willingness to respond to services which would correct the situation.
(4) There is clear and convincing evidence that an additional period of rehabilitation would not correct the situation.

Paragraph (h) permits termination if:

The court finds that all of the following have occurred:
>    (1) The child is three years of age or younger.
>    (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
>    (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
>    (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother argues the State failed to prove by clear and convincing evidence that she lacked the ability or willingness to respond to services under paragraph (g)(3) and that the child could not be returned to her custody under paragraph (h)(4). She also claims termination is not in the best interests of the child. The father bases his appeal on the same grounds as the mother. The State asserts we should affirm the termination.

"When the juvenile court terminates parental rights on more than one statutory ground, we need only find grounds to terminate under one of the sections cited by the juvenile court to affirm." *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). Based on the record, we agree with the State that significant barriers exist that prevent the child from being returned to the mother or the father. At the beginning of this matter, both parents willingly participated in an array of services offered by the DHS, and both made progress. Based on that progress, the district court ordered a six-month extension to help achieve reunification and allowed increased interactions with N.T. Despite significant support from the DHS, N.T.'s foster parents, and the father's mother, the parents began displaying the same habits that led to the court removing N.T. For example, after travelling to Omaha to be present for an operation for N.T., the

parents overslept and missed the operation. The parents continue to struggle to maintain adequate food in the house. The father often has to be awakened for visitation with N.T. or meetings regarding services and sometimes plays video games during the visits or meetings. The father's Community Support Advocate (CSA) helped the couple apply for housing assistance. Yet, the parents failed to complete the final step in obtaining the assistance—simply providing the mother's birth certificate and social security information. The parents' couples' therapist noted that the parents had missed several appointments in the months prior to the termination hearing.

In addition, service providers became aware of potential domestic-violence issues between the couple. In June, the mother expressed doubt about wanting to stay in the relationship and reported the father often nagged and yelled at her and sat on her chest to the point she could not breathe. The father stated his behavior was playful, rather than abusive, reported that the mother attempts to punch him when she gets upset, and expressed similar doubt about wanting to stay in the relationship. Despite both parents expressing these concerns, the two were married in a spontaneous courthouse ceremony in July.

The father's CSA reported witnessing bursts of anger and shouting from the father, including incidents when N.T. was present. The CSA reported a noticeable and negative change in the child's demeanor during these outbursts. The parents' couples' therapist testified about observing signs of violence in the couples' relationship, including bite marks and finger marks on the mother. The couple admitted to an incident of "roughhousing," which included biting, grabbing, and bending back fingers. As the district court noted, the therapist "testified that

she had grave concerns for these parents having a child [N.T.]'s age in their care based upon their inability to read cues, the magnitude of their roughhousing, their lack of planning, their lack of nutrition, and their inability to provide for basic needs."

In its written order following the termination hearing, the district court wrote the following in connection with Iowa Code section 232.116(1)(h): "As documented in the findings made above, when the attempt was made to lessen the intensive oversight and prodding provided by the multidisciplinary team helping these parents, the serious risk of abuse or neglect of this child returned." Accordingly, the court found that returning the child to either the mother or the father's custody would subject to the child to adjudicatory harm. We agree with the district court the child could not be returned to the mother or the father. *See* Iowa Code § 232.116(1)(h)(4).

IV.    Best Interests

In accordance with Iowa Code section 232.116(2), the district court considered "whether proceeding with termination is in the best interest of the child." The court stated:

> It is unlikely that the child can be safely returned to her mother or father in the foreseeable future. To return the child to her mother or father at this time or in the foreseeable future would subject her to great instability and uncertainty inflicted by her parents. There has not been a resolution to the concerns raised at the time of the child's removal. . . . Especially for a child as young as this, termination and adoption is the preferred method of establishing permanency for a child who cannot be safely returned home.

We agree it was in the child's best interests to terminate both the mother and the father's rights and nothing militated against termination. *See* Iowa Code § 232.116(3).

V.      Conclusion

We agree the State proved by clear and convincing evidence both the mother's and the father's parental rights should be terminated as to N.T. under section 232.116(1)(h). We also agree with the district court that termination is in the children's best interests. We therefore affirm the district court's decision.

**AFFIRMED ON BOTH APPEALS.**